# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

2011 JUN -8 PM 4: 13

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| KEVIN MUZINICH, | § | |
| Reg. No. 64487-097, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-138-PRM |
| | § | |
| M. TRAVIS BRAGG, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Kevin Muzinich's ("Muzinich") *pro se* petition for a writ of

habeas corpus under 28 U.S.C. § 2241. Therein, Muzinich, a federal prisoner currently

incarcerated at the La Tuna Federal Correctional Institution, in Anthony, Texas, challenges his

conviction in the United States District Court for the Eastern District of California for being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[1] Mindful of Muzinich's *pro*

*se* status, the Court has liberally read his petition.[2] The Court understands Muzinich to assert that

his counsel provided ineffective assistance when he advised him that he did not have a defense

because, according to Muzinich, § 922(g) was unconstitutional, an exception in § 922(a) applied

in his case, a paid agent manufactured the crime, the State of California had restored his right to

possess a weapon, his state release papers did not mention a gun restriction, and the "Commerce

---

[1] *United States v. Muzinich*, 1:09-cr-00181 (E.D. Cal. Nov. 2, 2009). *See also* 18 U.S.C.A. § 922(g)(1) (West 2005) ("It shall be unlawful for any person . . . who has been convicted in any court of [ . . . ] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").

[2] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

Clause ends when [his] rights begin."[3] Muzinich also claims that his lawyer's ineffective

assistance "lead [sic] to [his 28 U.S.C. §] 2255 remedy being time barred."[4] For the reasons

discussed below, the Court will dismiss Muzinich's petition, pursuant to 28 U.S.C. § 2243.[5]

"Where a statute specifically addresses the particular issue at hand, it is that authority . . .

that is controlling."[6] A sentenced prisoner may bring a petition for a writ of habeas corpus

pursuant to § 2241 to challenge "the manner in which a sentence is carried out or the prison

authorities' determination of its duration."[7] A § 2241 petitioner may make this attack only in the

district court with jurisdiction over his custodian.[8] In the instant case, however, Muzinich

challenges his conviction. The primary means of collaterally attacking a federal conviction is a

motion to vacate, set aside, or correct a sentence, pursuant to § 2255.[9] A § 2255 movant may

---

[3] Pet. 4 [ECF No. 1-1].

[4] *Id.* at 5.

[5] 28 U.S.C.A. § 2243 (West 2011) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*") (emphasis added).

[6] *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citing *Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)).

[7] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[8] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (citing *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990)).

[9] *See* 28 U.S.C.A. § 2255(a) (West 2011) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

only bring his motion in the district of conviction and sentence.[10]

There is a "savings clause" in § 2255 which acts as a limited exception to the general rules outlined above.[11] A federal court may consider a petition filed under § 2241 which challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective."[12] In order to meet the stringent "inadequate or ineffective" requirement, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[13] Furthermore, the petitioner "bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective."[14]

Here, Muzinich does not identify a Supreme Court decision with retroactive effect which supports his assertions. Moreover, as the Supreme Court explained in *District of Columbia v. Heller*,[15] although the Second Amendment confers an individual right to keep and bear arms, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the

---

[10] *Pack*, 218 F.3d at 452 (citing *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997)).

[11] *See* 28 U.S.C.A. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

[12] *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

[13] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[14] *Pack*, 218 F.3d at 452.

[15] 554 U.S. 570 (2008).

possession of firearms by felons."[16] An unsubstantiated claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent."[17]

Muzinich suggests that § 2241 provides his last chance to appeal his conviction because a motion under § 2255 would be time-barred. Procedural bars do not establish the inadequacy or ineffectiveness of the § 2255 remedy for purposes of the savings clause.[18] "Failure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being '"inadequate or ineffective to test the legality of his detention."'"[19]

Consequently, the Court finds that it appears from Muzinich's petition that he should bring his claims in a § 2255 motion, not a § 2241 petition. A § 2255 movant may, however, only bring his motion in the district of conviction and sentence, which, in this case, is the United States District Court for the Eastern District of California.[20] The Court, therefore, concludes that

---

[16] *Id.* at 626-27. *See also McDonald v. Chicago,* -- U.S. --, --, 130 S. Ct. 3020, 3047 (2010) (explaining that although the Second Amendment right to keep and bear arms is fully applicable to the States by virtue of Fourteenth Amendment, this holding should not cast any doubt on the longstanding prohibitions on felons possessing firearms).

[17] *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000).

[18] *Pack,* 218 F.3d at 452.

[19] *Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir. 2001) (quoting 28 U.S.C. § 2255); *see also Kinder v. Purdy,* 222 F.3d 209, 213 (5th Cir. 2000) ("'A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render [§ 2255's and § 2244's] procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.'") (quoting *Pack,* 218 F.3d at 453.).

[20] *Pack,* 218 F.3d at 452 (citing *Ojo,* 106 F.3d at 683).

it does not have the subject-matter jurisdiction necessary to hear Muzinich's claims.[21]

Accordingly, after due consideration, the Court enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Petitioner Kevin Muzinich's

   *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.

2. The Court **DENIES** all pending motions in this cause, if any, as **MOOT**.

**SO ORDERED**.

**SIGNED** this _____8_____ day of **June, 2011.**


PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[21] *See Ojo*, 106 F.3d at 683 (noting that only sentencing court has jurisdiction to address a § 2255 motion).